## APPEAL OF GEORGE HOOBAUGH.

### [MINICK v. SAUSAMAN.]

#### FROM THE DECREE OF THE COURT OF COMMON PLEAS OF PERRY COUNTY.

Argued May 22, 1888—Decided October 1, 1888.

1. The payment in full of a judgment, debt, interest and costs, including the costs of an execution attachment therefrom, out of the proceeds of a sheriff's sale on the plaintiff's writ, is a full discharge of the judgment and a release of a fund bound by the service of the attachment.

2. Where a creditor has two judgments against the same debtor and has issued upon the first one a fieri facias and an execution attachment at the same time, and the first judgment is paid out of the debtor's property sold on the fieri facias, he is not entitled to have a fund of the debtor bound by the attachment applied to the judgment upon which no process issued.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 167 July Term 1887, Sup. Ct.; court below, Fieri Facias No. 21 November Term 1885, C. P.

On August 27, 1885, W. H. Minick held two judgments against J. W. Sausaman, the first liens upon certain real estate, and standing thus:

No. 167 April Term 1882,    .    .    .    .    $650.00.
No. 212 April Term 1885,    .    .    .    .    398.50.

On the date referred to, he issued a fieri facias upon the first judgment to No. 50 November Term 1885, and the same day an execution attachment upon the same judgment to No. 31 November Term 1885. The attachment was served as the writ required upon George Hoobaugh, executor of George Sausaman, as garnishee.

On October 14, 1885, Hoobaugh filed an answer to the attachment admitting funds to the amount of about $90 in his hands, the judgment defendant's interest in the estate of George Sausaman, deceased, and subject to the attachment, but averring that the amount so subject could not be accurately ascertained until the garnishee's final account as executor had been settled and confirmed.

On November 12, 1885, the property of the judgment defendant was sold upon the fieri facias referred to, and out of the proceeds of sale $700.14 was appropriated by the sheriff and received by the judgment plaintiff in full of the debt, interest and docket fee upon No. 167 April Term 1882. After payment of the costs on said judgment, including the costs on the execution attachment, there remained of the proceeds the sum of $265.01, which was appropriated by the sheriff and paid to the judgment plaintiff upon No. 212 April Term 1885.

On April 27, 1886, Hoobaugh, as executor of George Sausaman, filed a final account which as confirmed on June 1, 1886, showed a balance due the estate, of which the share of J. W. Sausaman was $119.14. On the same day the account was confirmed, Minick's attorney moved the Court of Common Pleas to enter judgment against the garnishee upon his answer of October 14, 1885, to the execution attachment. Objection being made on behalf of J. W. Sausaman, that the judgment had been paid in full out of the proceeds of the sale of the debtor's property, the motion was continued.

On June 10, 1886, Minick caused to be issued to No. 29 August Term 1886, an execution attachment upon his second judgment, No. 212 April Term 1885, and had service made upon Hoobaugh as executor of George Sausaman, deceased. To this writ, on June 14, 1886, Hoobaugh made answer in substance that after the confirmation of his account, being advised that the judgment upon which the first execution attachment had issued had been fully paid and discharged, he paid to J. W. Sausaman his distributive share in the balance in his hand in full, and then had in his hands no moneys due to him. Thereupon Minick presented a petition setting forth, in substance, the facts above stated, and prayed that judgment be entered against the garnishee, in the second execution attachment to No. 29 August 1886, and for further relief. The garnishee made answer submitting to the judgment of the court.

On June 7, 1887, the cause having been argued, the court, BARNETT, P. J., filed an opinion, which after stating briefly the facts, proceeded:

The second attachment cannot be considered an abandonment of the first. It is not an alias issued on the same judgment, but an original attachment issued on the second and a different judgment. The first attachment has never been disposed of. It bound whatever was subject thereto in the hands of the garnishee, and his answer to the second attachment shows that there were in his hands $119.14 subject to the first.

The payment of the first judgment out of the proceeds of the sheriff's sale of defendant's real estate discharged that judgment at law, but not in equity. "Actual payment discharges a judgment at law, but not in equity, if justice requires the parties in interest to be restrained from alleging it, or insisting on their legal rights:" Fleming v. Beaver, 2 R. 128; Lathrop's App., 1 Pa. 512; Yard v. Patton, 13 Pa. 286. We think it will hardly admit of a doubt, that if the second judgment had been held by a second plaintiff, he would have been entitled to demand that the fund subject to the first attachment be applied to the first judgment in relief of the second, or that he be subrogated to the rights and securities of the first plaintiff. It is said by GIBSON, C. J., in Ramsey's App., 2 W. 232: "But if there is any rule or principle of equity plainly, positively and incontrovertibly established on the basis of reason and authority, it is that he who may at law control the application of two or more funds, shall not be suffered to use his legal advantages in a way to exclude the demand of a fellow creditor, whose legal recourse is but to one of them." In the case before us the plaintiff in the first judgment had the control of two funds, one in the hands of the garnishee and the other in the hands of the sheriff. The plaintiff in the second judgment (in the case supposed) had legal recourse only to the latter; he would have been entitled to claim such disposition of the attached fund as would extinguish, pro tanto, the defendant's indebtedness and reduce his own judgment. Can it make any difference that the plaintiff in the two judgments is the same? Shall the mere accident that the second lien creditor is the same as in the first judgment operate to defeat the collection of his debt? Surely

it would be a grievous wrong, perpetrated in the name of justice and sanctioned by her ministers, if a defendant were permitted thus to put money in his pocket and defy his creditor!

To permit this now to be done would work a serious injury to the plaintiff, originating in perhaps an undue anxiety on part of the court to prevent injustice to the garnishee or to the defendant. As the facts now appear they could, neither of them, have been injured; nor can they be injured now by entering a judgment against the garnishee on the first attachment. The defendant cannot be injured, because he is thus simply having discharged so much of his legal indebtedness. The garnishee cannot be legally injured, because he is but paying, in accordance with the directions of the law, money originally owing from him to the defendant, and which was attached in his hands and thereby became subject to the law's final process. It would be without practical difference to the parties whether judgment be now entered on the first or second attachment. But we are of opinion that the fund in the hands of the garnishee was bound by the first attachment, and still so continues, notwithstanding the judgment upon which it issued may have been satisfied at law: Ege v. Koontz, 3 Pa. 109. It is the legal right of the plaintiff to collect his debt by one or more executions, and when effect has been given to both executions his claims against the defendant will not be fully paid, and we think regularity requires judgment to be entered on the first attachment and thus both attachments will be disposed of.

And now June 7, 1887, judgment is entered against George Hoobaugh, executor of George Sausaman, on his answers filed as garnishee, in favor of the plaintiff in the attachment-execution, No. 21 November Term 1885, for the sum of $119.14, but to be applied when paid to the judgment No. 212 April Term 1885, as a credit thereon, less five dollars to be paid to counsel of garnishee, and in satisfaction of both attachment executions, No. 21 November Term 1885, and No. 29 August Term 1886; and when so paid the garnishee be thereupon discharged as against the defendant as of the sum so attached and paid.[1]

The garnishee in the attachment then took this appeal and assigned as error the order entering judgment for the plaintiff.[1]

*Mr. W. H. Sponsler* (with him *Mr. Chas. H. Smiley* and *Mr. Jacob L. Markel*), for the appellant:

1. There was no time from October 14, 1885, to June 1, 1886, when Minick was entitled to judgment upon the answer made by Hoobaugh. The answer was contingent, and as to the amount admitted was dependent upon the confirmation of the final account of his trust. A plaintiff is not entitled to judgment upon an answer which admits the property in hand, dependent upon a contingency; the answer must be unqualified and clear: Kerr v. Diehl, 2 Clark (Pa.) 325; 1 Bright. T. & H. Pr. 698, n.

2. Where two writs of execution, a fieri facias and an execution attachment, issue at the same time, the defendant may call upon the plaintiff to make his election which he will pursue; if he refuse, one or the other will be quashed: Phila. Loan Co. v. Amies, 2 Miles 292. The reason to be gathered from the cases is, that the plaintiff will not be allowed to make his money twice, nor when indemnified by a seizure of one kind of defendant's property, to tie up other property. We urge, then, that there was a complete extinguishment of the first execution attachment on the application by the sheriff of the proceeds of the sheriff's sale, regardless of any act upon the part of the plaintiff.

3. When Hoobaugh was informed that the judgment on which the first writ of attachment had issued was paid, it was his duty to resist judgment against him, even if Sausaman had not been present: Skidmore v. Bradford, 4 Pa. 296; Calhoun v. Logan, 22 Pa. 46. A garnishee is looked upon with favor by the law: he is the unwilling party to litigation in which he has neither interest nor profit, and the law is careful of his rights and lenient of his shortcomings: 1 Bright. T. & H. Pr. 161 n., 698 n.; Wray v. Winner, 1 Phila. 336; Nicholson v. Fitzpatrick, 2 Phila. 205.

*Mr. W. A. Sponsler* (with him *Mr. Lewis Potter*), for the appellee:

Relied upon the opinion of the court below.

OPINION, MR. JUSTICE STERRETT:

In August, 1885, appellee held two judgments against J. W. Sausaman on the first of which an execution was issued and

levied on defendant's real estate. On same day an attachment execution was issued and served on appellant, who in answer admitted that, as executor of an estate then in process of settlement, he had funds in the distribution of which defendant would be entitled to participate, to the extent of about $90, on final settlement of the estate. No further action was then taken on the attachment, but the real estate levied on as above stated was shortly afterwards sold by the sheriff and the proceeds applied to payment in full of debt, interest and cost of the judgment, on which both execution processes were issued, and the residue of $265.01 to the other or second judgment, on account. The money, thus rightly appropriated by the sheriff, first to the costs, and then to the judgments, as first liens, in the order of their priority, was received by appellee, plaintiff in the executions, without objection. Some months afterwards appellant filed his account as executor, and, after the same was confirmed, paid Sausaman $119.14, the distributive share to which he was entitled. This he appears to have done in good faith, believing that payment of the judgment and costs was a satisfaction thereof in equity as well as in law, and of course an end of all proceedings thereon.

Some ten days after Sausaman's distributive share was thus paid, appellee issued an attachment execution on the second judgment, and appellant having been served as garnishee answered according to the facts, saying among other things, that the judgment on which the first attachment issued having been fully paid and satisfied, and Sausaman being entitled to his distributive share of the balance in his hands, he did on June 1, 1886, after confirmation of his account, pay the same, so that there is now nothing in his hands, etc. Without undertaking to controvert any of the facts set forth in the answers of the garnishee, the plaintiff below insisted on judgment against him, and the court, being of opinion "that the fund in garnishee's hands was bound by the first attachment and so continued notwithstanding the judgment upon which it issued, may have been satisfied in law," judgment was accordingly entered against him, on his answers, for $119.14 in the first attachment, but to be applied, when paid, to the second judgment, as a credit thereon and in satisfaction of both attachment executions, etc.

Without questioning the correctness of the equitable principle

invoked by the learned judge in support of that conclusion, we think it is inapplicable to the undisputed facts in this case. In the first place, it does not appear there was any other creditor than the plaintiff in the two judgments and hence there could be no equities to adjust between different lien creditors of a common debtor; and in the next place the payment and consequent satisfaction of the first judgment resulted directly from appellee's own voluntary act. He proceeded and sold defendant's real estate and out of the proceeds accepted payment in full of the judgment, debt, interest and costs. This was an equitable as well as a legal satisfaction of the judgment and processes issued for the collection thereof. It was as full and complete satisfaction as if he had accepted payment in cash from Sausaman himself and acknowledged the same on the record. On what principle of equity, the judgment, under such circumstances, could have been kept alive for the benefit of the plaintiff, it is impossible to conceive.

If he had first prosecuted the attachment to a successful termination, and afterwards sold his debtor's real estate, he might have enjoyed the benefit of the former as well as the lien on the latter; but he elected to exhaust the real estate first, and applied the proceeds to payment and satisfaction of the judgment. This left nothing to support the attachment. The debt, for the collection of which it was issued, was fully satisfied, the fund which theretofore had been bound by it in the hands of appellant was at once released from its grasp, and while so freed it was paid to the party entitled to receive it. There was therefore nothing, actually or constructively, in appellant's hands on which the second attachment could operate. In view of the undisputed facts, as they appear on the record, the court erred in entering the judgment.

Judgment reversed.